UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ABDULKARIM N. SALEM, et al.,

                              Plaintiff,

                                                                      DECISION AND ORDER

                                                                        09-MC-6002L

                                v.

MICHAEL MUKASEY, et al.,

                              Defendants.
_____

## INTRODUCTION

Petitioner Abdul N. Salem ("petitioner"), a United States citizen, brings this action seeking a writ of mandamus compelling the United States Department of State to approve an Application for Immigrant Visa and Alien Registration for his minor step-daughter, Enitsar A. Yehia. *See* Petition (Dkt. #1). The respondents – the Attorney General of the United States, the United States Department of Justice, the Department of State, Bureau of Consular Affairs, Consular General, United States Embassy in San'a, Yemen, and its Chief of the Immigrant Visa Branch (collectively "respondents") now move to dismiss the complaint, on the grounds that the Court lacks subject matter jurisdiction over petitioner's claims (Dkt. #6).

For the reasons set forth below, the government's motion is granted, and the complaint is dismissed.

**DISCUSSION**

In considering a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court may consider the pleadings, as well as other evidence, such as affidavits, to determine any disputed issues of fact concerning jurisdiction. *See Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).

Petitioner initially filed a Petition for Alien Relative, form I-30, with the Department of Homeland Security, United States Citizenship and Immigration Service. That petition was approved on July 24, 2007 and referred to the Department of State, National Visa Center, for further processing. The National Visa Center, in turn, forwarded it to the United States Embassy in Yemen. On or about January 15, 2008, the United States Embassy, Sanaa, Republic of Yemen, determined that Yehia was "ineligible under Section 221(g) of the Immigration and Nationality Act (INA), as amended, because [she] failed to meet all requirements for issuance of an immigrant visa..." (Dkt. #1 ¶21). Through this action, he seeks to compel respondents to issue an immigrant visa to his step-daughter, or else to order that the application for redetermination be reopened. However, it is well-settled that visa application determinations by a consular officer are final, subject to the officer's own discretion to reopen the matter. *See* 22 C.F.R. §42.81. As such, federal courts lack jurisdiction to review a consular officer's decision to deny a visa application. *See e.g.*, *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972); *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987); *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986); *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978); *Rivera de*

*Gomez v. Kissinger*, 534 F.2d 518, 519 (2d Cir. 1976). Furthermore, this Court has no jurisdiction to otherwise interfere with the visa-issuing process, such as by ordering a visa application to be re-opened, as petitioner requests. *See Wan Shih Hsieh*, 569 F.2d 1179 at 1181 ("[i]t is settled that the judiciary will not interfere with the visa-issuing process"); *United States ex rel. London v. Phelps*, 22 F.2d 288, 290 (2d Cir. 1927) (doctrine of consular nonreviewability precludes judicial review of a consular official's visa determinations); *Pena v. Kissinger*, 409 F. Supp. 1182, 1185 (S.D.N.Y. 1976) ("consular decision-making [is] immune from judicial scrutiny"). *See generally Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895) ("[t]he power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudication").

## CONCLUSION

There exists no statutory or other authority by which this Court may review the determination of a consular official to grant or deny a visa, or order the redetermination of a visa application under the circumstances presented here. Accordingly, for the reasons stated above, the respondents' motion to dismiss (Dkt. #6) is granted, petitioner's motion for a writ of mandamus (Dkt. #1) is denied, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 3, 2010.